UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEZLYN MENDEZ, :<br>Plaintiff, : | : | CASE NO. 3:16-cv-2097 (VAB) |
| v. : | : | |
| ANGEL QUIROS, et al., :<br>Defendants. : | : | JANUARY 25, 2017 |

**INIITAL REVIEW ORDER**

Plaintiff, Kezlyn Mendez, currently incarcerated at the MacDougall-Walker Correctional Center, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Mendez's complaint was received on December 19, 2016, and his motion to proceed *in forma pauperis* was granted on December 22, 2016. Defendants are District Administrator Angel Quiros, Warden Carol Chapdelaine, Mail Room Captain Jane Hall and Mail Room Officer Bill White. Mr. Mendez alleges that Defendants improperly opened confidential mail outside his presence. Although Mr. Mendez names Defendants in both individual and official capacities, he seeks only damages.

I.   Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is "frivolous or malicious, that fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d

Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

Although detailed allegations are not required, this Complaint must include sufficient facts to afford Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II.     Factual Allegations

Between October 18, 2015, and October 20, 2015, a letter addressed to Mr. Mendez from Pamela Davis-Burgess of the Connecticut Department of Children and Families was allegedly received at the MacDougall Correctional Institution mailroom. Compl. ECF No. 1, ¶ 1. Although the letter allegedly was clearly marked "Legal/Confidential," it was allegedly opened without Mr. Mendez's consent and forwarded to a third party. *Id*. The letter allegedly contained legal documents as well as documents relating to Mr. Mendez's medical history. *Id*. at ¶ 2. Mr. Mendez allegedly found these documents in his medical chart while he was conducting a chart review. *Id*. at ¶ 3. The documents were allegedly signed and dated by several medical staff members. *Id.*

Mr. Mendez was not informed that the documents had arrived and been opened outside his presence. Compl. ¶ 4. When he did not receive the documents, Mr. Mendez re-contacted Ms. Davis-Burgess who reprocessed his request and re-sent the documents. *Id.* at ¶ 6.

Mr. Mendez alleges that he submitted an Inmate Request regarding this incident. Compl.

¶ 7. Captain Pain and Defendant Captain Hall allegedly responded to his request. *Id*. He then filed a grievance which was denied. *Id.* at 8. Mr. Mendez appealed and Defendant Quiros denied the grievance appeal. *Id.*

III.   Discussion

Mr. Mendez names Defendants in their official and individual capacities. However, he seeks only monetary damages as relief. The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived this immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Mr. Mendez has provided no evidence that the state has waived immunity. Thus, any claim for damages against Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

Mr. Mendez characterizes the opening of his mail and viewing of the medical documents inside of them as a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-101, 110 Stat. 1936 (1996). HIPAA, however, does not create a private right of action and cannot support a claim under Section 1983. *See Rogers v. Rensslaer County Sheriff's Dep't*, No. 1:14-CV-01162, 2015 WL 4404788, at *7 (W.D.N.Y. July 17, 2015) ("It is well established that, because there is no private right of action under HIPAA, a violation of the Act cannot serve as the basis of a § 1983 claim") (citing cases); *Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) ("HIPAA does not provide for either an express or implied private right of action"). Any HIPAA claim therefore is dismissed under 28 U.S.C. § 1915A(b)(1).

The First Amendment does protect an inmate's right to send and receive legal mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). The Supreme Court in *Davis* noted that "as few as two incidents of mail tampering could constitute an actionable Constitutional violation if (1) the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received. *Id*. (citing *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)). As *Davis* recognized, courts have "generally required specific allegations of invidious intent or of actual harm where the incidents of tampering are few and thus the implication of an actionable violation is not obvious on its face." *Davis*, 320 F.3d at 351; *John v. N.Y.C. Dep't of Corr.*, 183 F. Supp. 2d 619, 629 (S.D.N.Y. 2002) ("[I]n order to state a constitutional claim for the mistreatment of mail, plaintiff must allege facts which show that defendants acted with invidious intent. … Additionally, plaintiff must allege that the opening of mail outside his presence caused him to suffer damage") (citing *Jermosen v. Coughlin*, 877 F. Supp. 864, 870 (S.D.N.Y. 1995)).

In other words, a single incident of mail tampering is insufficient to support a constitutional challenge, unless a prisoner can point to "damages" caused by the incident, or any other basis to suggest that the alleged incident "chilled" his or her right of access to the courts or suggested a policy and practice of mail tampering. *See Morgan v. Montanye*, 516 F.2d 1367, 1371-73 (2d Cir. 1975). Indeed, district courts routinely rely on *Morgan* to dismiss complaints asserting claims of unconstitutional opening of legal mail without any showing of damages. *See, e.g., Abreu v. Travers*, No. 9:15-CV-0540, 2016 WL 6127510, at *10 (N.D.N.Y. Oct. 20, 2016) (collecting cases).

Mr. Mendez alleges that the envelope contained legal documents.  He does not allege, however, that he suffered any injury or prejudice as a result of the opening of the mail outside of his presence and the withholding of the documents.  In fact, he alleges that he was able to obtain replacement documents.  The Court concludes that this one incident is insufficient to support a claim for interference with legal mail.

Mr. Mendez also alleges that the envelope contained medical information.  The Second Circuit has recognized a constitutional right to "maintain the confidentiality of previously undisclosed medical information."  *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999).  Accordingly, prison officials can only disclose medical information to the extent that disclosure relates to a "legitimate penological interest."  *Id.*  "The gratuitous disclosure of an inmate's confidential medical information as humor or gossip … is not reasonably related to a legitimate penological interest, and it therefore violates the inmate's constitutional right to privacy."  *Id.*

The degree of privacy protection afforded to a prisoner's medical condition varies with the "sensitive" nature of the condition.  *Powell,* 175 F.3d at 111.  To state a claim for violation of his right to keep confidential medical information, Mr. Medina must show that he suffers from an unusual or sensitive medical condition that, if disclosed, would expose him to ridicule, discrimination or even violence, particularly when the word of the condition is likely to spread through "humor or gossip[.]"  *Powell,* 175 F.3d at 112; *see also Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220 (W.D.N.Y. 2003) (dismissing case because plaintiff did not have an "unusual medical problem which, if disclosed unnecessarily to other inmates, would likely expose plaintiff to discrimination, intolerance, or potential violence"); *Webb v. Goldstein*, 117 F. Supp. 2d 289, 298-99 (E.D.N.Y. 2000) (dismissing a Fourteenth Amendment claim because the prisoner "ha[d]

5

not alleged that his prison records contained the sort of sensitive medical information at issue in ... *Powell*").

Mr. Mendez does not indicate the content of the medical documents that were allegedly included in Ms. Davis-Burgess' letter. Thus, the Court cannot determine whether unauthorized disclosure of the information supports a cognizable claim. Accordingly, this claim is dismissed without prejudice.

Mr. Mendez may amend his Complaint, provided he can allege facts to support a claim for violation of his right to privacy. If he does so, he must make clear why he alleges that the particular Defendants he has selected were the people who disclosed his medical information, in order to put them on notice of their alleged constitutional violations. *See, e.g. Parker v. Koch*, No. 81 Civ. 1426 (WCC), 1982 U.S. Dist. LEXIS 13374, at *4 (S.D.N.Y. May 17, 1982) ("Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. §§ 1983. … Here there simply is no sufficient factual allegation of participation by [the individual defendants] in the events which form the basis of Parker's claims.") (citing *McKinnon v. Patterson*, 568 F.2d 930, 934 (1977), *cert. denied*, 434 U.S. 1087 (1978)).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) and

(2)   Mr. Mendez may file an amended complaint for disclosure of medical information in violation of his constitutional right to privacy provided he can allege facts supporting such a

claim and can identify the person who disclosed the confidential information. Any amended complaint shall be filed within thirty (30) days from the date of this order.

      (3)    Mr. Mendez shall file the amended complaint utilizing the Prisoner e-filing Program.

      **SO ORDERED** at Bridgeport, Connecticut, this 25th day of January 2017.

                                  /s/ Victor A. Bolden
                                  Victor A. Bolden
                                  United States District Judge