UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEZLYN MENDEZ,
    Plaintiff,

v.

ANGEL QUIROS, et al.,
    Defendants.

No. 3:16-cv-2097 (VAB)

**ORDER OF DISMISSAL**

Kezlyn Mendez ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a Complaint *pro se* under 42 U.S.C. § 1983. On January 25, 2017, the Court filed an Initial Review Order and dismissed the Complaint without prejudice, affording Mr. Mendez an opportunity to file an Amended Complaint. He did so on February 15, 2017. The Amended Complaint, however, did not comply with the Court's directions. *See* Order at 1-2, ECF No 9 (describing Plaintiff's failure to follow directions in the Court's Initial Review Order). Accordingly, the Court afforded "Mr. Mendez one more opportunity to file a proper Complaint in this case" that "shall include all Defendants in the case caption, set forth the facts giving rise to his claims, and clearly state what actions each Defendant took, or failed to take, that violated his constitutional rights." *Id.* at 2. The Order provided Plaintiff with an additional thirty days to file the Second Amended Complaint. *Id.* That period expired on July 20, 2017.

To date, Mr. Mendez has neither filed a Second Amended Complaint nor sought an extension of time within which to do so. Therefore, the Court will proceed on the basis of the

current Complaint.

The case will be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."). In reviewing a pro se complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest." *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

Although detailed allegations are not required, this Complaint must include sufficient facts to afford Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Amended Complaint only includes claims against Captain Hall. *See* Amend. Compl. ¶ 3, ECF No. 8. As noted in this Court's prior order, then, "the claims against all other defendants are considered withdrawn." Order at 1, ECF No 9. Mr. Mendez alleges that Captain Hall "was overseeing the mail room and its employees during the time my legal mail was illegally opened without proper consent." Amend. Compl. ¶ 3. However, there is not a sufficient factual basis that would allow Defendant fair notice, and the allegation that Defendant "illegally opened without proper consent" Plaintiff's mail is a conclusory statement. Therefore, the claims against Defendant Hall must also be dismissed for failure to state a claim upon which relief may

be granted. *Iqbal*, 556 U.S at 678 (2009); *Twombly*, 550 U.S. at 570.

Accordingly, this case is **DISMISSED** without prejudice.

SO ORDERED at Bridgeport, Connecticut, this 29th day of December 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge